IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| META PHARMACY SAVANNAH, LLC, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>THE CENTER FOR MEDICARE AND )<br>MEDICAID SERVICES, THE UNITED )<br>STATES DEPARTMENT OF HEALTH AND )<br>HUMAN SERVICES OFFICE OF )<br>INSPECTOR GENERAL, THE UNITED )<br>STATES DEPARTMENT OF JUSTICE, and )<br>THE UNITED STATES OFFICE OF )<br>MANAGEMENT AND BUDGET, agencies of )<br>the United States. )<br>)<br>Defendants. )<br>)<br>) | FILED<br>John E. Triplett, Clerk of Court<br>United States District Court<br>By LoganHerb at 3:09 pm, May 04, 2023<br><br>Case No.: CV423-123 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
(FREEDOM OF INFORMATION ACT)**

Plaintiff Meta Pharmacy Savannah, LLC ("Plaintiff") brings this action against Defendants the Centers for Medicare and Medicaid Services ("CMS"), the Department of Health and Human Services Office of Inspector General ("OIG"), the United States Department of Justice ("DOJ"), and the United States Office of Management and Budget ("OMB") (collectively, "Defendants") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff states as follows:

## PARTIES

1. Plaintiff is a Georgia Limited Liability Company located at 100 Eisenhower Drive, Suite A, Savannah, Georgia.

2. CMS is an agency of the United States Government and is headquartered in Woodlawn, Maryland. CMS has possession, custody, and control of records to which Plaintiff seeks access.

3. OIG is an agency of the United States Government and is headquartered in Washington, District of Columbia. OIG has possession, custody, and control of records to which Plaintiff seeks access.

4. DOJ is an agency of the United States Government and is headquartered in Washington, District of Columbia. DOJ has possession, custody, and control of records to which Plaintiff seeks access.

5. OMB is an agency of the United States Government and is headquartered in Washington, District of Columbia. OMB has possession, custody, and control of records to which Plaintiff seeks access.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## FACTS

8. Plaintiff operates a retail pharmacy in Savannah, Georgia.

9. During the COVID-19 pandemic, Plaintiff sought to help vulnerable elderly citizens of Georgia and elsewhere by providing antigen and PCR COVID-19 testing services to its community.

10. In April 2022, CMS began a demonstration program designed to provide access to COVID-19 over-the-counter test kits to Medicare Part B beneficiaries (the "Demonstration Program"). Plaintiff devoted significant resources and agreed to participate in the Demonstration Program, providing COVID-19 over-the-counter test kits to Medicare beneficiaries upon request.

11. On October 31, 2022, Plaintiff received a letter from CMS via SafeGuard Services, LLC ("SafeGuard"), a CMS contractor. The letter informed Plaintiff that its Medicare payments had been suspended and SafeGuard was unilaterally withholding approximately $16 million of reimbursement funds owed to Plaintiff. To support the withholding of millions of dollars, the SafeGuard letter referenced purported issues with the shipment of five patient orders—out of more than 30,000 orders fulfilled by Plaintiff.

12. On November 14, 2022, Plaintiff submitted to CMS evidence about those five beneficiaries and, further, Plaintiff provided information that all beneficiaries received COVID-19 test kits. Plaintiff respectfully requested the release of its moneys and a lifting of this unilateral payment suspension.

13. On February 3, 2023, after Plaintiff requested several meetings with

SafeGuard and other representatives from the government, Safeguard simply responded informing Plaintiff that the unilateral payment suspension would remain in effect. In this letter, SafeGuard claimed at a general level that Plaintiff had purportedly failed to comply with CMS guidance relating to its Demonstration Program.

14. Over several rounds of correspondence, Plaintiff provided SafeGuard documentation of its compliance. Plaintiff also voluntarily produced thousands of pages of records to the government, to demonstrate its commitment to compliance.

15. SafeGuard responded by maintaining the suspension while shifting its justifications for doing so. Incredibly, the suspension of Medicare payments remains in effect to this day. As a result, Plaintiff has laid off its staff, incurred significant debt to its vendors and, most significantly, cannot provide COVID-19 tests kits to Medicare beneficiaries despite the continuing danger of the virus to this particularly vulnerable population.

16. Seeking to better understand the basis for the suspension, Plaintiff submitted, pursuant to FOIA, requests to OIG, OMB, CMS, DOJ's Civil Division, and DOJ's Criminal Division (Exhibits A-E) for information related to the payment suspension and the Demonstration Program. Plaintiff made these requests on April 4, 2023: CMS (control number 040420237088); OMB (submission ID 667526); OIG (No. 2023-0501); DOJ Civil Division (submission ID 667511); and DOJ Criminal

Division (submission ID 667521).

17. Each request seeks "[a]ll documents relating to Medicare's demonstration program (announced by the Center for Medicare & Medicaid services ('CMS') April 4, 2022) covering over-the-counter COVID-19 tests (the 'Demonstration')[;]" "[a]ll drafts of guidance, public facing materials, websites, and other content or communications describing the Demonstration;" "[a]ll documents and communications with any government agency […] regarding the Demonstration and any applicable rules, regulations, or guidance;" and "[a]ll documents and communications relating to HHS or CMS's suspension of payments or pre-payment review of any healthcare provider for the provision of over-the-counter COVID-19 tests." (Exhibits A-E).

18. Additionally, Plaintiff's requests to DOJ, OIG, and CMS sought "[a]ll documents relating to CMS's October 21, 2022 decision to suspend payments to Meta Pharmacy Savannah, LLC[.]" (Exhibits A, C-E).

19. Finally, Plaintiff's request to CMS additionally sought "[a]ll communications from Dennis Dendros, Jennifer Dupee, and/or Steven Farraina regarding the Demonstration[.]" (Exhibit C).

20. Pursuant to FOIA, the materials Plaintiff requested were due on May 2, 2023. 5 U.S.C. § 552(a)(6). Plaintiff has received no production of materials in response to its requests.

21. CMS confirmed receipt of the request and denied Plaintiff's request for expedited review. DOJ and OMB have failed to confirm receipt of the requests or respond to Plaintiff's request for expedited review. Moreover, CMS, DOJ, and OMB have failed to provide any additional communication relating to the status of these requests.

22. As to OIG, on April 5, 2023, one day after Plaintiff submitted its request, Plaintiff received a response from Robin Brooks, Director of the FOIA Office at OIG, stating that the records Plaintiff requested are not maintained by OIG. (Exhibit F). In other words, OIG claims that it maintains **no records** relating to the Demonstration Program. Plaintiff is aware of, and has materials demonstrating, that OIG is actively involved in policing the Demonstration Program, and OIG has previously spoken on, prepared documents about, and circulated materials about the Demonstration Program.[1] Upon information and belief, Plaintiff believes OIG's response claiming to have no materials relating to the Demonstration Program is false.

23. Pursuant to 5 U.S.C. § 552(a)(6), Defendants were required to notify

---

[1] As a non-exhaustive list of materials on HHS-OIG's own website that contradicts this assertion, "2023 Nationwide COVID-19 Health Care Fraud Enforcement Action," available at https://oig.hhs.gov/newsroom/media-materials/2023-covid-takedown/ (detailing COVID-19 OTC Kit Demonstration program) (last accessed May 1, 2023); see also "Fraud Alert: COVID-19 Scams," available at https://oig.hhs.gov/fraud/consumer-alerts/fraud-alert-covid-19-scams/ (also referencing COVID-19 kits) (last accessed May 1, 2023).

Plaintiff within 20 days after receipt of Plaintiff's requests whether Defendants would comply with the requests.

24.     It has now been 185 days since Plaintiff's received the initial suspension letter, and 30 days since Plaintiff's submitted the FOIA requests. CMS, DOJ, or OMB have not yet provided the documents requested, and OIG has failed to provide documents in its possession responsive to Plaintiff's request.

## COUNT ONE
### Violation of FOIA, 5 U.S.C. § 552

25.     Plaintiff realleges paragraphs 1 through 24 as if fully stated herein.

26.     Defendants are unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

27.     All Defendants, with the exception of OIG, have failed to respond in the statutorily prescribed time period and are, thus, withholding documents.

28.     Defendant OIG responded with a one-page perfunctory denial that is implausible on its face and contradicted by publicly available evidence to the contrary.

29.     Plaintiff is irreparably harmed by Defendant's unlawful withholding of records responsive to Plaintiff's FOIA request because, without the requested information, Plaintiff is unable to properly respond to the payment suspension and continue serving the Medicare population, which will result in a loss of the community's good will and trust in Plaintiff. Plaintiff will continue to be irreparably

harmed unless Defendants are compelled to conform their conduct to the requirements of the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests an order:

A. Requiring CMS, OIG, DOJ, and OMB to conduct searches of any and all responsive records to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests;

B. Requiring OIG to provide an affidavit attesting to the reasonableness and adequacy of its search.

C. Requiring Defendants to produce, within 14 days, any and all non-exempt records responsive to Plaintiff's FOIA requests and a Vaughn index of any responsive records withheld under claim of exemption;

D. Enjoining Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests;

E. Granting Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

F. Granting Plaintiff such other relief as the Court deems just and proper.

Dated: May 4, 2023                                     Respectfully submitted,

**Griffin Durham Tanner Clarkson, LLC**

*James D. Durham*
James D. Durham
Georgia Bar No. 235515
jdurham@griffindurham.com
Patrick J. Schwedler
Georgia Bar No. 812312
pschwedler@griffindurham.com
Griffin Durham Tanner & Clarkson, LLC
104 W. State Street, Suite 200
Savannah, Georgia 31401

Tele: 912-867-9140

*Attorneys for Plaintiff Meta Pharmacy Savannah, LLC*